09-3477-cv
Holowecki v. FedEx

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 24th day of June, two thousand and ten.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

_____

Paul Holowecki, Patricia Kennedy, Donna M. Lewis, Charles
Moncalieri, Phyllis Nelson, Steven Almendarez, Kelly L.
Martinez, Kevin McQuillan, Kenneth G. Mutchler, George Robertson,
Nancy Trompics, and John Demaio,

                             *Plaintiffs-Appellants*,

Andy Kubicki, Elizabeth Tucker, and Frank Martinez,

                             *Plaintiffs*,

              -v-                                    (09-3477-cv)

Federal Express Corporation,

                             *Defendant-Appellee*.

_____

FOR APPELLANTS:      DAVID L. ROSE, Rose & Rose, P.C., Washington D.C. (Joshua
                     N. Rose and Earlene W. Rosenberg, on the brief)

FOR APPELLEE:        EDWARD J. EFKEMAN, Federal Express Corp., Memphis, TN

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs are twelve current and former couriers who claim that defendant has discriminated against them based on age. This case is now before us for the second time. The district judge to whom this case was first assigned dismissed the complaint on the pleadings. *See Holowecki v. Fed. Express Corp.*, 02 Civ. 3355, 2002 WL 31260266 (S.D.N.Y. 2002). We reversed, 440 F.3d 558 (2d Cir. 2006), and the Supreme Court affirmed our reversal, 552 U.S. 389 (2008). On remand, this case was reassigned to Judge Rakoff, who granted summary judgment to defendant. 644 F. Supp.2d 338 (S.D.N.Y. 2009). We assume the parties' familiarity with the case.

The Age Discrimination in Employment Act of 1967 makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Where, as here, plaintiffs lack direct evidence of age discrimination,[1] we analyze their claims under the *McDonnell Douglas*, burden-shifting framework. *See, e.g., Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466-67 (2d Cir. 2001).[2] Under the *McDonnell Douglas* framework, a plaintiff must show that (1) she belonged to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Williams v. R.H. Donnelley Corp.*, 368 F.3d 123, 126 (2d Cir. 2004). The burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993). Should the defendant carry this burden, the burden shifts back to the plaintiff to introduce evidence that the defendant's explanations are pretextual. *Id.* at 1155. In order to satisfy their burden at the final stage, plaintiffs must offer evidence that age discrimination was the "but-for" cause of the challenged actions. *Gross v. FBL Financial*

---

[1] Plaintiffs suggest that alleged remarks of two FedEx managers constitute direct evidence of discrimination. We disagree. Each of the comments concerning "older couriers" on which plaintiffs seek to rely are either "stray remarks," *see Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998), or the remarks of non-decisionmakers, *see Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); *see also Siino v. New York City Bd. of Educ.*, 213 F.3d 626, at *1 (2d Cir. 2000) (summary order); *Luks v. Baxter Healthcare Corp.*, 467 F.3d 1049, 1056 (7th Cir. 2006); *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992).

[2] The Supreme Court has recently noted that it has not "definitively decided" whether *McDonnell Douglas* burden-shifting applies to ADEA claims. *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2349 n.2 (2009). Unless and until the Supreme Court instructs us to do otherwise, we will continue to apply *McDonnell Douglas* to claims arising under the ADEA.

*Services, Inc.*, 129 S.Ct. 2343, 2350 (2009).

**1.  Plaintiffs discharged for poor performance.**[3]

Plaintiffs Holowecki and Almandarez failed to come forward with evidence that cast doubt on defendant's claim that they were discharged for inappropriate conduct.  Holowecki was discharged after a co-worker complained that he had called her various vulgar names.  Although Holowecki denies the co-worker's accusation, multiple witnesses corroborated her account.  The undisputed evidence, therefore, establishes that FedEx had a legitimate reason to fire Holowecki.[4]

Almandarez was discharged after he was repeatedly found to have falsified delivery records to artificially inflate his productivity rating.  Thus, the undisputed evidence shows that FedEx had a legitimate reason for Almandarez's firing as well.

**2.  Plaintiffs terminated for medical reasons.**[5]

Plaintiffs Lews and Robertson – who were terminated following medical leaves of absence – failed to make a prima facie case of discrimination because they failed to show that they were qualified to work as couriers.  Lewis was discharged after she was unable to return to work for over two years, and was unable to find another position.  And George Robertson was terminated after he failed three times to report for Temporary Return to Work assignments after he was cleared for such work.

Plaintiffs argue (without citation to the record) that younger couriers were given more time to return to work following injuries.  Because there is nothing in the record to substantiate plaintiffs' claim that defendant's disability policy was applied differently to older couriers, summary judgment was appropriate.

**3.  Plaintiffs claiming constructive discharge.**

To establish constructive discharge, a plaintiff "must show that the abusive working environment became so intolerable that her resignation qualified as a fitting response."

---

[3] Plaintiffs have abandoned Kevin McQuillan's claims on appeal.

[4] Plaintiffs argue that the evidence of Holowecki's misconduct was not admissible. According to plaintiffs, the declaration of Nanette Malebranche – Holowecki's supervisor – was inadmissible because Malebranche's recollection was refreshed during her deposition.  This argument is frivolous.  First, testimony based on recollection that has been refreshed is not hearsay.  Second, the document used to refresh Malebranche's recollection was a business record.  Third, the document itself is not hearsay, because it was used to establish FedEx's reason for terminating Holowecki, not for its truth.

[5] Plaintiffs have pursued the claims of only two of the four plaintiffs in this group on appeal; they have abandoned the claims of plaintiffs Martinez and Nelson.

3

*Pennsylvania State Police v. Suders*, 542 U.S. 129, 134 (2004); *see also Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 789 (7th Cir. 2007). This requires a "further showing," beyond what is necessary to establish a hostile work environment. *Suders*, 542 U.S. at 134.

Here, the district court found that the record was "entirely bereft of any evidence that establishes intolerable working conditions." 644 F. Supp.2d at 355. Specifically, Moncalieri indicated in his resignation letter that FedEx "was a company that I truly enjoyed working for." Further, Trompics, who was 44 when she was hired, was unable to point to evidence of intolerable working conditions, and the record shows that in many respects she was treated at least as well as younger couriers: her performance ratings were consistently high, and she was awarded the highest possible hourly wage.[6]

4.      **Plaintiffs claiming that they were awarded fewer hours than similarly situated, younger employees.**

A significant decrease in pay may constitute an adverse employment action. *Gabalya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). Here, however, there was no evidence that plaintiffs Kennedy, Mutchler, or Demaio suffered any involuntary decrease in pay. Kennedy's hours decreased only because she took leaves of absence for short-term disability ; Mutchler's hours remained consistent from 1988 through 2006; and Demaio's hours were well in excess of those of the average courier until 2004, when he refused to work mornings for family reasons.

According to plaintiffs, the evidence on which the district court relied was inaccurate. Plaintiff's argue that FedEx has reported hours that plaintiffs were required to work but for which they were not compensated in an effort to make it seem as though their hours were not reduced over time. Plaintiffs attempt to rely on copies of Kennedy's W-2s to substantiate this claim, but Kennedy's W-2s report compensation, not hours. Further, plaintiffs fail to rebut the district court's finding that the younger comparators that plaintiff selected were cherry-picked, that plaintiffs were given more hours even than their cherry-picked comparators, and that any decrease in plaintiffs' hours was due to voluntary leaves of absence.

5.      **Plaintiffs' disparate impact claim.**

Nor, finally, are we persuaded by plaintiffs argument that defendant's disciplinary and disability policies have a disparate impact on older couriers. It appears that the principal evidence on which plaintiffs seek to rely in support of their disparate impact claim is a series of expert submissions by Daniel S. Hamermesh. In an addendum to his expert report, for instance ,

---

[6] Plaintiffs argue that Moncalieri intended to raise a failure to hire claim as well as a constructive discharge claim. They suggest that after Moncalieri moved to New Jersey, he was discriminated against when defendant offered him only part time work, when other, younger couriers were offered full-time positions. However, plaintiffs concede that the younger couriers to which Mancalieri compares himself were not offered full-time work during the period relevant herein.

Hammermesh concluded that

> there was no statistically significant differences in the incidences of warnings
> [between older and younger FedEx couriers between 2000 and 2002] ... From
> 2003 through 2007 ... experienced couriers ages 40 and over were significantly
> more likely to receive warnings than were couriers under age 40.

However, the fact that older couriers were disciplined at higher rates for five out of (as far as we know) a randomly selected eight year period is not sufficiently probative of discrimination. Further, Hammermesh's analysis also shows that older couriers quit and were terminated at lower rates than younger couriers at FedEx. Finally, plaintiffs do nothing to refute the district court's finding that plaintiffs' statistical evidence is "inaccurate and misleading." 644 F. Supp.2d at 360. Hammermesh's above-quoted remark is an example: Hammermesh compares rates of *warning letters* among couriers *with at least ten years of experience*. The report is silent as to differences in the rates of other forms of discipline, or in warning letter rates among couriers with less than ten years of experience. In view of the misleading nature of plaintiffs' statistical evidence, it was not an abuse of discretion for the district court to find that this evidence is "insufficiently reliable to be admissible under Fed. R. Evid. 702." *Id.* at 361.

We have considered plaintiffs' remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
